■ M. FARBMAN & SONS, INC., Appellant, v COLUMBIA UNIVERSITY IN THE CITY OF NEW YORK, Respondent. [720 NYS2d 787] —Judgment, Supreme Court, New York County (Paula Omansky, J.), entered January 10, 2000, dismissing the complaint pursuant to an order, entered November 30, 1999, which granted defendant's motion to dismiss the complaint for failure to state a cause of action, unanimously reversed, on the law, the judgment vacated, and the order modified to the extent of reinstating plaintiff's first cause of action for breach of contract, without costs.

Plaintiff alleges that $80,000 remains unpaid on its $461,000 fully-performed contract with defendant for plumbing work, and also seeks to recover $30,000 that defendant's construction manager allegedly demanded periodically as bribes for processing plaintiff's payment requisitions. The contract cause of action should not have been dismissed since, upon the bare allegations of the complaint, it does not necessarily appear that the bribes were "central to or a dominant part of the plaintiff's whole course of conduct in performance of the contract" (*McConnell v Commonwealth Pictures Corp.*, 7 NY2d 465, 471). There is a need to explore, after joinder of issue, the "connection" between the bribes and plaintiff's performance, which involves consideration of "fundamental concepts of morality and fair dealing," including, in particular, the extent to which plaintiff is attempting to take advantage of his own wrong (*id.*, at 470). The quantum meruit and unjust enrichment causes of action were properly dismissed on the basis of plaintiff's allegations that it fully performed its obligations under an express contract (*Clark-Fitzpatrick, Inc. v Long Is. R. R. Co.*, 70 NY2d 382, 389). Furthermore, since plaintiff does not allege that the construction manager's demands for the bribes were within the scope of its authority or ratified by defendant, or any circumstances that made it reasonable to believe that such demands were so authorized or ratified, plaintiff cannot recover the value of the bribes from defendant (*see*, 2A NY Jur 2d, Agency, §§ 272, 273, 275, 288; *Eckstein v Eckstein*, 49 NYS2d 726). Concur—Sullivan, P. J., Tom, Lerner, Buckley and Friedman, JJ.